AO 243 (Rev. 01/15)                                                                                              Page 2

MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT
SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District | Ohio (Northern) |
|---|---|---|
| Name (under which you were convicted): Airiz Coleman | | Docket or Case No.: 4:16-CR-00046 |
| Place of Confinement: FCI Elkton | | Prisoner No.: 63920-060 |
| UNITED STATES OF AMERICA | V. | Movant (include name under which convicted) AIRIZ COLEMAN |

MOTION

1. (a) Name and location of court which entered the judgment of conviction you are challenging:
   United States District Court for the Northern District of Ohio (Eastern Division)

   (b) Criminal docket or case number (if you know): __4:16-CR-00046__

2. (a) Date of the judgment of conviction (if you know): __August 23, 2016__
   (b) Date of sentencing: __August 23, 2016__

3. Length of sentence: __36 months__

4. Nature of crime (all counts): Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1) and 924(a)(2).

5. (a) What was your plea? (Check one)
   (1) Not guilty [X]   (2) Guilty [ ]   (3) Nolo contendere (no contest) [ ]

   (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or what did you plead guilty to and what did you plead not guilty to?
   
   N/A

6. If you went to trial, what kind of trial did you have? (Check one)   Jury [XX]   Judge only [ ]
7. Did you testify at a pretrial hearing, trial, or post-trial hearing?   Yes [X]   No [ ]
8. Did you appeal from the judgment of conviction?   Yes [X]   No [ ]

9. If you did appeal, answer the following:
   (a) Name of court: United States Court of Appeals for the Sixth Circuit
   (b) Docket or case number (if you know): 16-03972
   (c) Result: Affirmed Judgment
   (d) Date of result (if you know): September 13, 2017
   (e) Citation to the case (if you know): Unknown
   (f) Grounds raised: The District Court Abused Its Discretion By Failing to Sua Sponte Order a Psychological Examination and Hearing to Ascertain Whether Coleman Was Competent to Stand Trial.

   (g) Did you file a petition for certiorari in the United States Supreme Court?　　Yes ☐　　No ☒
   If "Yes," answer the following:
   (1) Docket or case number (if you know): N/A
   (2) Result: N/A
   (3) Date of result (if you know): N/A
   (4) Citation to the case (if you know): N/A
   (5) Grounds raised: None

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications, concerning this judgment of conviction in any court?
    Yes ☐　　No ☒

11. If your answer to Question 10 was "Yes," give the following information:
    (a) (1) Name of court: N/A
        (2) Docket or case number (if you know): N/A
        (3) Date of filing (if you know): N/A
        (4) Nature of the proceeding: N/A
        (5) Grounds raised: N/A

    (6) Did you receive a hearing where evidence was given on your motion, petition, or application?
        Yes ☐    No ☐
    (7) Result:     N/A
    (8) Date of result (if you know): 

(b) If you filed any second motion, petition, or application, give the same information:
    (1) Name of court:     N/A
    (2) Docket of case number (if you know):     N/A
    (3) Date of filing (if you know): 
    (4) Nature of the proceeding: 
    (5) Grounds raised:     N/A

    (6) Did you receive a hearing where evidence was given on your motion, petition, or application?
        Yes ☐    No ☐
    (7) Result:     N/A
    (8) Date of result (if you know):     N/A

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?
    (1) First petition:     Yes ☐    No ☐
    (2) Second petition:     Yes ☐    No ☐

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:
    N/A

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

AO 243 (Rev. 01/15)                                                                                         Page 5

GROUND ONE: MR. COLEMAN IS ENTITLED TO A NEW TRIAL WHERE TRIAL COUNSEL RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

On February 10, 2016, Mr. Coleman was indicted on one Count charging him as a Felon in Possession of a Firearm **and ammunition**, in violation of 18 U.S.C. § 922(g)(1). (R. 1). His attorney during the trial phase was Fernando O. Mack ("Mack"), and during the pre-trial phase counsel did not challenge the indictment on grounds of duplicity. Instead, counsel permitted the trial to proceed without objection to the separate offenses of (1) felon in possession of a firearm, and (2) felon in possession of ammunition being charged in the same count of the indictment. During trial, the Government put on evidence by Kevin Ireland, a Special Agent for the Bureau of Alcohol, Tobaco, and Firearms ("ATF")(hereinafter "Agent Ireland"). Agent Ireland testified as a firearms and ammunition expert who specialize also in interstate commerce evidence. **See** Trial Transcript ("Tr.") @ 253-59). He further indicated that ammunition "cannot be traced" via a computer data base as there is no serial number on ammunition. **Id.** @ 259. However, Agent Ireland stated that ammunition bears a "logo or symbol" that can be checked to determine its manufacturer. **Id.** (Continued in Addendum).

(b) Direct Appeal of Ground One:

(1) If you appealed from the judgment of conviction, did you raise this issue?
Yes ☐   No ☒

(2) If you did not raise this issue in your direct appeal, explain why: The record was not adequately developed to present an ineffective assistance claim on direct appeal.

(c) Post-Conviction Proceedings:

(1) Did you raise this issue in any post-conviction motion, petition, or application?
Yes ☐   No ☒

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: ___N/A___

Name and location of the court where the motion or petition was filed:
___N/A___

Docket or case number (if you know): ___N/A___

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?
Yes ☐   No ☐

(4) Did you appeal from the denial of your motion, petition, or application?
Yes ☐   No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
Yes ☐   No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:
N/A

Docket or case number (if you know):
Date of the court's decision:      N/A

Result (attach a copy of the court's opinion or order, if available):

N/A

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:
N/A

---

GROUND TWO: MR. COLEMAN WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL AT TRIAL AND DIRECT APPEAL, WHERE NEITHER ATTORNEY ARGUED THAT THE DUPLICITOUS INDICTMENT DEPRIVED HIM OF HIS RIGHT TO A UNANIMOUS JURY VERDICT.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
Mr. Coleman incorporates by references the facts from Ground One as if fully set forth hereto. Specifically, the indictment charged one count of felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1). Here, the indictment was duplicitous because it set forth separate and distinct crimes in one count. Although trial counsel failed to raise a duplicitous claim before trial, it does not foreclose Coleman from raising the harm that stemmed from the duplicitous indictment. See **United States v. Davis**, 306 F.3d 398, 415 (CA 6, 2002)(citing **United States v. Adesiad**, 129 F.3d 846, 849 (CA 6, 1997)). The Sixth Circuit has recognized that "[s]uch an error need not be raised before trial because it concerns not only a technical error but also a defendant's substantive rights, i.e., the right to a unanimous jury verdict." **Id.** "The overall vice of duplicity is that the jury cannot in a general verdict render its finding on each offense, making it difficult to determine whether a conviction rests on only one of the offenses or on both." **United States v. Washington**, 127 F.3d 510, 513 (CA 6, 1997). (continued): See Addendum.

(b) Direct Appeal of Ground Two:

(1) If you appealed from the judgment of conviction, did you raise this issue?
Yes ☐   No ☒

(2) If you did not raise this issue in your direct appeal, explain why: Record was not adequately developed to present an ineffective assistance of counsel claim on direct appeal. However, appellate counsel rendered ineffective assistance by not raising the underlying claim.

(c) Post-Conviction Proceedings:

(1) Did you raise this issue in any post-conviction motion, petition, or application?
Yes ☐   No ☒

AO 243 (Rev. 01/15) Page 7

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition:       N/A

Name and location of the court where the motion or petition was filed:
N/A

Docket or case number (if you know): 

Date of the court's decision:       N/A

Result (attach a copy of the court's opinion or order, if available):


(3) Did you receive a hearing on your motion, petition, or application?
  Yes ☐   No ☐

(4) Did you appeal from the denial of your motion, petition, or application?
  Yes ☐   No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
  Yes ☐   No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:
N/A

Docket or case number (if you know): 

Date of the court's decision:       N/A

Result (attach a copy of the court's opinion or order, if available):

N/A

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

N/A

---

**GROUND THREE:**   <u>COUNSEL RENDERED INEFFECTIVE ASSISTANCE BY FAILING TO SEEK SUPPRESSION OF THE FIREARM ILLEGALLY SEIZED FROM MR. COLEMAN'S RESIDENCE.</u>

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
During trial, Officer David Weber of the Warren City Police Department testified that he arrived at Mr. Coleman's residence after receiving information over the police radio. (Tr. @ 197-98). He observed the tow truck that witness, Michael J. Hayden, had driven to the residence, in the driveway of the residence. Id. @ 198. Officer Weber had parked his patrol car about 15 feet from the house, and when he exited his vehicle, he had his weapon drawn. Id. His decision to draw his weapon was not **(continued in Addendum).**

(b) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐    No ☒

(2) If you did not raise this issue in your direct appeal, explain why: Record not adequately developed to present this issue on direct appeal. Moreover appellate counsel did not advance it for this reason .

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐    No ☒

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition:        N/A

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):        N/A

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

N/A

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐    No ☐

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐    No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐    No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

N/A

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

N/A

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

N/A

**GROUND FOUR:** NONE

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

N/A

(b) **Direct Appeal of Ground Four:**
  (1) If you appealed from the judgment of conviction, did you raise this issue?
      Yes ☐   No ☐
  (2) If you did not raise this issue in your direct appeal, explain why:

N/A

(c) **Post-Conviction Proceedings:**
  (1) Did you raise this issue in any post-conviction motion, petition, or application?
      Yes ☐   No ☐

  (2) If you answer to Question (c)(1) is "Yes," state:
  Type of motion or petition:     N/A
  Name and location of the court where the motion or petition was filed:

  Docket or case number (if you know):
  Date of the court's decision:     N/A
  Result (attach a copy of the court's opinion or order, if available):
N/A

(3) Did you receive a hearing on your motion, petition, or application?
  Yes ☐   No ☐

(4) Did you appeal from the denial of your motion, petition, or application?
  Yes ☐   No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
  Yes ☐   No ☐

(6) If your answer to Question (c)(4) is "Yes," state:
Name and location of the court where the appeal was filed:
N/A

Docket or case number (if you know): 
Date of the court's decision: N/A
Result (attach a copy of the court's opinion or order, if available):

N/A

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

N/A

13. Is there any ground in this motion that you have not previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

N/A

14. Do you have any motion, petition, or appeal now pending (filed and not decided yet) in any court for the you are challenging?   Yes ☐   No ☒
If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

N/A

AO 243 (Rev. 01/15)                                                     Page 11

15. Give the name and address, if known, of each attorney who represented you in the following stages of the you are challenging:

(a) At the preliminary hearing: Charles E. Fleming/Federal Public Defender/ 750 Skylight Office Tower/ 1660 West Second Street/Cleveland, OH 444113/Carolyn M. Kucharski (same office)

(b) At the arraignment and plea:
(same)

(c) At the trial: Fernando O. Mack/203 Bradley Bldg./1220 West Sixth Street/Cleveland, OH 44113

(d) At sentencing: Maime P. Serrat/1370 Ontario Street/Ste. 2000/Cleveland, OH 44113

(e) On appeal: Allison Lee Ehler/P.O. Box 1024/El Cerrito, CA 94530

(f) In any post-conviction proceeding: None

(g) On appeal from any ruling against you in a post-conviction proceeding:

None

16. Were you sentenced on more than one court of an indictment, or on more than one indictment, in the same court and at the same time?    Yes ☐    No ☒

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?    Yes ☐    No ☒

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

N/A

(b) Give the date the other sentence was imposed:    N/A

(c) Give the length of the other sentence:    N/A

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?    Yes ☐    No ☐

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

N/A

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of —
  (1) the date on which the judgment of conviction became final;
  (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;
  (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
  (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

AO 243 (Rev. 01/15)                                                                                         Page 13

Therefore, movant asks that the Court grant the following relief: conduct an evidentiary hearing with appointed counsel; vacate the conviction and sentence, and find that the evidence should have been suppressed. In the alternative, vacate on based on the IAC claims involving lack of jury unanimity ---
or any other relief to which movant may be entitled.

_____None_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on  10/18/2017 .
(month, date, year)

Executed (signed) on  10/18/2017  (date)

_Coleman, Aving Anthony_
Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.